UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.08-14009-CIV-GRAHAM/TORRES

LEE T. TAYLOR and
JOEY H. WALDONE, SR.,
et al.,

       Plaintiffs,

vs.

FRANK STEWART TRUCKING, Inc.
and FRANK STEWART, individually,

       Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Default Judgment against Defendant Frank Stewart Trucking, Inc., [D.E. 22], Plaintiffs' Motion to Strike Answers of Defendants [D.E. 9], Defendants' Motion to Proceed In Forma Pauperis [D.E. 17] and Plaintiffs' Motion for an Extension of Time to Choose Mediator and Schedule Mediation Pursuant to Court's Order of June 9, 2008 [D.E. 26].

**THE COURT** has considered the Motions and the pertinent portions of the record, and is otherwise duly advised in the premises.

### I.  INTRODUCTION

This case arises under the Fair Labor Standards Act,(FLSA) 29 U.S.C. §§201-219.  On January 9, 2008, Plaintiffs initiated this action by filing a Complaint against Defendants to recover unpaid

overtime compensation, liquidated damages, costs and reasonable attorney's fees [D.E. 1]. According to the Statement of Claim, Plaintiffs estimate the unpaid overtime wages and liquidated damages owed to Plaintiffs by the Defendants to total $37,695.00 [D.E. 6].

The Defendants, Frank Stewart Trucking, Inc., and Frank Stewart, individually, filed a Response to Plaintiffs' Complaint [D.E. 7] which this Court construed as an Answer. Plaintiffs then filed a Motion to Strike the Response asserting that because the signature on the Answer did not provide a valid bar membership number and did not list the name of an attorney who was admitted to practice law in the Southern District of Florida that the Answer violated Rule 4(A) of the Special Rules Governing the Admission and Practice of Attorneys and should therefore be stricken [D.E. 9].

On March 12, 2008, at the status conference on this matter, the Defendant Frank Stewart appeared individually and was instructed by the Court that the corporation of Frank Stewart Trucking, Inc., ("Stewart Trucking") could not appear in Federal Court without counsel and was cautioned that failure to obtain counsel for the Corporation could result in a default being entered against Stewart Trucking. See, [D.E. 16].

Defendants then filed an Application to Proceed Without Prepayment of Fees [D.E. 17]. On April 14, 2008, Plaintiff filed a Motion for Clerk's Entry of Default against Defendant Frank

Stewart Trucking, Inc., for failure to retain counsel [D.E. 20]. On May 7, 2008, the Clerk entered a Default as to Defendant Frank Stewart Trucking, Inc., "Stewart Trucking" [D.E. 21].

On May 27, 2008, Plaintiffs filed a Motion for Default Judgment against Defendant Stewart Trucking [D.E. 22] asserting, inter alia, that entry of a default judgment was appropriate as Defendant Stewart Trucking failed to retain counsel despite this Court's March 12, 2008 oral Order directing that the Defendant to obtain counsel for the Corporate Defendant. The Defendants have failed to respond to the Plaintiffs' Motion for Default Judgment against Stewart Trucking.

## II. LAW AND DISCUSSION

### A. Representation by Counsel for Defendants

The Plaintiffs have sought to have a default judgment entered against the Defendant Stewart Trucking for failing to retain counsel in this matter. While the Plaintiffs have only moved for a default judgment against the Corporate Defendant, the Court notes that throughout this litigation, the Plaintiffs have cited to Rule 4 of the Special Rules Governing the Admission and Practice of Attorneys as requiring the Defendants, individual and corporate, to be represented by counsel in this proceeding. See, [D.E. 9, 20, 26]. However, there is no rule that an individual party, unlike a corporate party, must be represented by counsel in order to prosecute or defend an action in federal court.

Rather, 28 U.S.C.A. § 1654, Appearance personally or by counsel, provides, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. §1654. Thus, it is clear that Defendant Frank Stewart may represent himself in his individual capacity in this matter without retaining counsel. See, Devine v. Indian River County School Bd., 121 F.3d 576, 581 n. 4 (11th Cir. 1997)(reiterating that right to proceed pro se is a fundamental statutory right afforded highest degree of protection). In this regard, Rule 4 of the Special Rules Governing the Admission and Practice of Attorneys has no application, as the individual Defendant Frank Stewart is representing himself, as he is entitled to do, and thus is not an attorney subject to that Rule.

However, as to the corporate Defendant Stewart Trucking, it is also well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel. See, Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)(citations omitted). Indeed, corporations are fictional legal persons that obviously cannot appear for themselves personally. Id. Rather, courts have consistently interpreted 28 U.S.C.A. § 1654 as requiring that a corporation be represented by licensed counsel. Id. Thus,

Plaintiffs are correct that, if and when the Corporate Defendant retains counsel in this matter, as it must if it wishes to proceed, then its attorney will be subject to the requirements set forth in Rule 4. At this point however, as indicated by the Plaintiffs' own pleadings, the Corporate Defendant has failed to retain counsel, thus, again Rule 4 is not applicable at this time. Nevertheless, as previously stated, Stewart Trucking may not defend itself in this action absent legal counsel and thus may not file a Response, Answer or otherwise proceed pro se.

### B. Defendants' Application to Proceed In Forma Pauperis

It appears that in an effort to satisfy this Court's directive that the Corporate Defendant must retain counsel, the Defendants have filed an Application to Proceed In Forma Pauperis. However, even if this Court were inclined to grant the Defendants' Application, that would not allow the Corporate Defendant to proceed in this action without counsel, nor would it provide counsel for the Corporate Defendant. Rather, a plaintiff in a civil case has no constitutional right to counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, said appointment should only be made in exceptional circumstances. Id.(citing Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir.1992)). The Court does not find that this case presents any

exceptional circumstances that warrant the appointment of counsel on behalf of the Corporate Defendant.

Moreover, as to the individual Defendant, Frank Stewart, the Court is not aware of any fees or costs assessed against a defendant by the Clerk of Court in relation to defending an action. Thus, the Defendant has failed to demonstrate the need to proceed In Forma Pauperis in this action.

### III. CONCLUSION

Accordingly, Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Answer of Defendants is **GRANTED, in part, and DENIED, in part [D.E. 9]**. To the extent that Plaintiffs seek to strike the Answer of Defendant Frank Stewart Trucking, Inc., for failure to obtain counsel to represent the corporation, the Motion is granted. To the extent that Plaintiffs' seek to strike the Answer of Defendant Frank Stewart, individually, that portion of the Motion is denied. It is further

**ORDERED AND ADJUDGED** that Defendant Frank Stewart Trucking, Inc., must retain counsel and file an Answer to Plaintiffs' Complaint within twenty (20) days of the date of this Order, or the Court will enter a Default Judgment against Frank Stewart Trucking, Inc. It is further

**ORDERED AND ADJUDGED** that Defendants' Motion to Proceed <u>In Forma Pauperis</u> pursuant to 28 U.S.C. §1915 is **DENIED without prejudice [D.E. 17]**. It is further

**ORDERED AND ADJUDGED** that Plaintiffs shall immediately provide Defendants with a copy of this Order via certified mail.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2008.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record