**CLOSED**
**CIVIL**
**CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.08-14009-CIV-GRAHAM/TORRES

LEE T. TAYLOR and
JOEY H. WALDONE, SR.,
et al.,

      Plaintiffs,

vs.

FRANK STEWART TRUCKING, Inc.
and FRANK STEWART, individually,

      Defendants.
_____/

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Default Judgment against Defendant Frank Stewart Trucking, Inc., [D.E. 22], Plaintiffs' Motion for an Extension of Time to Choose Mediator and Schedule Mediation Pursuant to Court's Order of June 9, 2008 [D.E. 26], Plaintiffs' Motion for an Extension of Time to Complete Discovery or in the Alternative Enter Default as to Defendants [D.E. 29], Plaintiffs' Supplemental Motion for Entry of Final Default Judgment [D.E. 31], and Plaintiffs' Amended Supplemental Motion for Entry of Final Default Judgment [D.E. 32].

**THE COURT** has considered the Motions and the pertinent portions of the record, and is otherwise duly advised in the premises.

I.  **INTRODUCTION**

This case arises under the Fair Labor Standards Act, (FLSA) 29 U.S.C. §§201-219.  On January 9, 2008, Plaintiffs initiated this action by filing a Complaint against Defendants to recover unpaid overtime compensation, liquidated damages, costs and reasonable attorney's fees [D.E. 1].  According to the Statement of Claim, Plaintiffs estimate the unpaid overtime wages and liquidated damages owed to Plaintiffs by the Defendants to total $37,695.00 [D.E. 6].

The Defendants, Frank Stewart Trucking, Inc., and Frank Stewart, individually, filed a Response to Plaintiffs' Complaint [D.E. 7] which this Court construed as an Answer.  Plaintiffs then filed a Motion to Strike the Response asserting that because the signature on the Answer did not provide a valid bar membership number and did not list the name of an attorney who was admitted to practice law in the Southern District of Florida that the Answer violated Rule 4(A) of the Special Rules Governing the Admission and Practice of Attorneys and should therefore be stricken [D.E. 9].

On March 12, 2008, at the status conference on this matter, the Defendant Frank Stewart appeared individually and was instructed by the Court that the corporation of Frank Stewart Trucking, Inc., ("Stewart Trucking") could not appear in Federal Court without counsel and was cautioned that failure to obtain counsel for the Corporation could result in a default being entered

2

against Stewart Trucking. See, [D.E. 16].

Defendants then filed an Application to Proceed Without Prepayment of Fees [D.E. 17]. On April 14, 2008, Plaintiff filed a Motion for Clerk's Entry of Default against Defendant Frank Stewart Trucking, Inc., for failure to retain counsel [D.E. 20]. On May 7, 2008, the Clerk entered a Default as to Stewart Trucking [D.E. 21].

On May 27, 2008, Plaintiffs filed a Motion for Default Judgment against Defendant Stewart Trucking [D.E. 22] asserting, inter alia, that entry of a default judgment was appropriate as Defendant Stewart Trucking failed to retain counsel despite this Court's March 12, 2008 oral Order directing the Defendant to obtain counsel for the Corporate Defendant. The Defendants have failed to respond to the Plaintiffs' Motion for Default Judgment against Stewart Trucking.

In an Order dated August 8, 2008, this Court granted Plaintiffs' Motion to Strike Answer of Defendants with respect to Defendant Stewart Trucking but denied the motion with respect to Defendant Frank Stewart, individually [D.E. 27]. In the same Order, the Court directed Defendant Stewart Trucking that it must retain counsel and file an Answer to Plaintiffs' Complaint within twenty (20)days, or the Court would enter Default Judgment against Stewart Trucking [D.E. 27]. The Court also denied Defendants' Motion to Proceed in Forma Pauperis. [D.E. 27].

3

On September 3, 2008, Plaintiffs filed a Notice of Defendants' Non-Compliance [D.E. 28] noting that Defendant Stewart Trucking had failed to comply with the Court's Order dated August 8, 2008 [D.E. 27] by failing to retain counsel and file an Answer to Plaintiffs' Complaint within twenty (20) days. Thereafter, on September 12, 2008, Plaintiffs filed a Motion for an Extension of Time to Complete Discovery or in the Alternative Enter Default as to Defendants [D.E. 29]. In the pre-trial conference for this matter on September 24, 2008, both Defendants failed to appear. Thus, the Court directed Plaintiffs' counsel to file a supplemental motion for default against Frank Stewart, individually [D.E. 30]. On October 20, 2008, Plaintiffs filed an Amended Supplemental Motion for Entry of Final Default Judgment [D.E. 32] against Frank Stewart and Stewart Trucking.

II. **Law and Discussion**

A. **Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

Further, Federal Rule of Civil Procedure 55(b) sets forth the procedure for default judgment by the Court. Rule 55(b)(2) provides, inter alia,

> **(b) Judgment.** Judgment by default may be entered as follows:...
>
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application...

Thus, the mere entry of a defendant's default by the Clerk does not, in itself warrant the court entering a default judgment, as a clerk's default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. See, Tyco Fire & Sec., LLC v. Alcocer, No. 05-16180, 2007 WL 542583, at *2 (11th Cir. Feb. 22, 2007)(citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pleaded allegations of fact. Id. Therefore, before entering a default judgment for damages, a court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Id.

In the instant matter, the Plaintiffs request that this Court enter a default judgment and award unpaid overtime wages against

5

Defendants in the amount calculated in the Statement of Claim. See [D.E. 6]. Plaintiffs also request that they be awarded liquidated damages equal to the amount of unpaid overtime wages, as well as attorney's fees and costs. See [D.E. 32]. In the Complaint, the Plaintiffs allege that they were employed as dump truck drivers by Stewart Trucking, of which Frank Stewart is the alleged President, and that they are entitled to recover unpaid overtime compensation pursuant to the FLSA, 29 U.S.C. § 201 et seq [D.E. 1]. According to the Statement of Claim, Defendants failed to compensate Plaintiffs Lee Taylor and Joey Waldone at the rate of time and one-half for all hours worked in excess of forty (40) hours per week between January 2005 and December 22, 2006 with respect to Plaintiff Taylor, and February 2005 and November 30, 2006 with respect to Plaintiff Waldone [D.E. 6]. The Statement of Claim details the calculation of the damages. Plaintiffs have also submitted affidavits which reiterate the information contained in the Statement of Claim [D.E. 22-2, 22-3].

According to Plaintiffs, since June 19, 2008, they have tried to contact Defendant Frank Stewart via telephone on eight (8) occasions and via U.S. mail on four (4) occasions in order to schedule mediation and discovery. Defendant Frank Stewart has been unresponsive to all of these attempts [D.E. 32]. Furthermore, neither Frank Stewart nor counsel for Stewart Trucking appeared for the pre-trial conference that was held on September 24, 2008 [D.E.

30]. Finally, as was discussed previously, Defendant Stewart Trucking has failed to retain counsel pursuant to this Court's August 8, 2008 Order [D.E. 27].

Accordingly, after a thorough review of Plaintiffs' pleadings and the record, the Court finds that Plaintiffs have stated a valid cause of action under the FLSA against the Defendants and have provided substantial support for the allegations contained in the Complaint and for the relief sought therein. The Court also concludes that Defendants have failed to plead or otherwise defend against Plaintiffs' claims. Thus, the Court concludes that there is sufficient basis in the pleadings to enter a default judgment pursuant to Rule 55(b)(2) in this matter.

### B.  Reasonable Attorneys Fees

The Plaintiffs have also submitted time sheets detailing the hours spent and costs incurred on this matter [D.E. 32-3, 32-4]. Section 216(b) of the FLSA, specifically provides for the award of reasonable attorney's fees and costs when an employee prevails against an employer in an FLSA action. 29 U.S.C.A. §216(b). Accordingly, as the Court has determined that the Plaintiffs are entitled to a default judgment against the Defendants for their claims for overtime wages under the FLSA, the Plaintiffs are entitled to reasonable attorney's fees and costs.

The court has reviewed the time sheets submitted by counsel regarding their fees and costs. The Plaintiffs seek attorneys fees

for 21.9 hours billed by the attorney at a rate of $250 per hour for a total of $5,475.00. The Court finds that the submitted fees are reasonable. Further, the Court finds that the costs submitted by the Plaintiffs' attorney totaling $1,165.54 are reasonable and finds that Plaintiffs are entitled to an award for costs, as well.

### III. Conclusion

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Amended Supplemental Motion for Entry of Final Default Judgment [D.E. 32] is **GRANTED**. Judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby entered in favor of the Plaintiffs and against the Defendants. It is further

**ORDERED AND ADJUDGED** that the Plaintiffs shall have and recover from the Defendants the sum of $37,695.00 consisting of $18,847.50 in overtime compensation and $18,847.50 in liquidated damages. In addition, it is

**ORDERED AND ADJUDGED** that the Plaintiff shall be awarded Attorney's Fees and Reasonable Costs of Litigation. The Plaintiff shall have and recover the total sum of $6,640.54, representing $5,475.00 in attorney's fees and $1,165.54 in costs, from the Defendants. In addition, it is

**ORDERED AND ADJUDGED** that this case is **CLOSED** and all remaining pending motions [D.E. 22, 26, 29 and 31] are **DENIED** as moot. In addition, it is

**ORDERED AND ADJUDGED** that Plaintiffs shall immediately provide Defendants with a copy of this Order via certified mail.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of October, 2008.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record